**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 03-2511**

───────────────

TAHA ABDIN MOHAMED ARSAD,

                                        Petitioner,

        versus

JOHN ASHCROFT, Attorney General,

                                        Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration
Appeals. (A79-492-707)

───────────────

Submitted:  September 24, 2004        Decided:  October 27, 2004

───────────────

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

───────────────

Petition denied by unpublished per curiam opinion.

───────────────

James A. Roberts, LAW OFFICE OF JAMES A. ROBERTS, Falls Church,
Virginia, for Petitioner.  Peter D. Keisler, Assistant Attorney
General, Anthony W. Norwood, Senior Litigation Counsel, Margot L.
Nadel, Trial Attorney, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Taha Abdin Mohamed Arsad, a native and citizen of Sudan, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his application for asylum and withholding of removal. The Board ruled that Arsad failed to present sufficient corroborative evidence in support of his claim. Arsad contends that his testimony was credible and corroborated and was therefore sufficient. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Arsad fails to show that the evidence compels a contrary result.

Nor can Arsad show that he was entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000). "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

We reject Arsad's arguments that he was denied due process at the hearing before the immigration judge. "In order to prevail on a due process challenge to a deportation or asylum

hearing, an alien must demonstrate that he was prejudiced by any such violation." <u>Rusu v. INS</u>, 296 F.3d 316, 320 (4th Cir. 2002). The asylum applicant must show "that better procedures are likely to have made a difference in the outcome of his hearing." <u>Id.</u> at 324. Arsad fails to show such prejudice.

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>